WENTWORTH, Judge.
This is an appeal from a final summary judgment enjoining appellants’ use of their property as an airport or takeoff and landing strip for aircraft. Because there are material factual issues in dispute, we reverse.
On August 7,1980, the state filed a complaint seeking a permanent injunction prohibiting the defendants from using their property “other than approved by the Ala-chua County Commission as stated in the attached Exhibit A.” The referenced exhibit consists of a memorandum from the secretary of the Alachua County Zoning Commission to the Board of County Commissioners suggesting that the following restrictions be placed on the subject property:
1. There shall be no extension, expansion or addition made to the existing physical facilities associated with aviation use. This would prohibit the establishment or construction of additional hangar facilities, runway extensions, runway lighting, a repair garage, gasoline pumps, etc.
2. Neither the aircraft, in its present location, nor the airport facilities shall be used directly or indirectly for commercial purposes.
3. Aside from the owner’s aircraft, no more than one additional plane shall be permitted on the ground at or adjacent to or otherwise utilize the airport facility at any given time.
4. Aside from the owner’s aircraft, no more than one additional plane shall be permitted to remain on the ground overnight at or adjacent to the airport facility more than once in any thirty day period, and only then if such plane is registered to an owner residing outside Alachua County, Florida.[1]
On July 7, 1981, the state filed an amended complaint alleging that the defendants were using their land as an airport in violation of the Alachua County’s zoning regulations, and that no special use permit had ever been applied for or granted. The complaint further alleged that the use of the land as an airport or landing strip was a non-conforming use without a principal building. The amended complaint requested the court to permanently enjoin the defendants from “further violation of the Ala-chua County zoning regulations through the use of [the land] as and for an airport or landing strip.”
Defendants answered the amended complaint admitting that they were using the land as an airport or landing strip. However, they denied that their use was in violation of the Alachua County zoning ordinance. They admitted that their use of the land was non-conforming, but denied that it was “without a principal building.”
The Alachua County Zoning Ordinance contains the two following pertinent provisions:
Section 23. Non-Conforming Use of Land. All non-conforming use of land without principal buildings, including open storage, building supplies, vehicle, implement and machinery storage, either on the same lot or on another lot with a plant, factory, or sales facility, signs, billboards, junk yards, and commercial animal yards, and similar uses shall comply with these regulations pertaining to uses permitted within three (3) years from the effective date of this Resolution.

PRINCIPAL BUILDING. A building in which is conducted the principal use of the lot on whieh it is situated. In a residence district any dwelling shall be deemed to be the principal building on the lot which [sic] the same is situated

On November 17, 1981, the state filed a motion for summary judgment and two affidavits. One affidavit was signed by the *67 Director of Codes Enforcement for Alachua County and stated that defendants’ use of their land was not permitted under the Alachua County agricultural zoning classification. The other affidavit was signed by an owner of land adjacent to defendants. In addition to complaining about the defendants’ use of their land as an airstrip, the adjacent landowner stated that there was no principal building on the property. In opposition to the motion for summary judgment, defendants filed an affidavit signed by defendant Russell Fulmer stating that there is a hangar in the residence “which is the principal building on said parcel and the airport.” The affidavit also stated that the building had existed in that condition since 1965.
Based on the pleadings and the affidavits the trial court found no dispute as to any material fact and entered summary judgment in favor of the state. The final judgment found that defendants’ use of their land was unlawful and restrained them from using the property described in the amended complaint as an airport or takeoff and landing strip.
Based on the facts as summarized above, we find that final judgment in this case was premature.
The affidavits filed by the parties raise a question as to the existence of a principal building. It is the state’s position that, as a matter of law, the structure referred to in Mr. Fulmer’s affidavit is not a principal building. The defendants, however, contend otherwise. Since that part of the Ala-chua County zoning ordinance defining principal buildings does not appear to have been definitively construed, we conclude that the determination of whether or not the Fulmer’s residence and airplane hangar is a principal building is, at least in part, a factual issue. The affidavits also contain conflicting statements about the existence or location of the structure, the state’s affi-ant having sworn that there was “not one building or structure of any kind” on the property described in the amended complaint. Thus, we find that there are issues still in dispute, the materiality of which is patent.
In addition, the preliminary pleadings in the record, i.e., “Exhibit A,” supra, may indicate the existence of an unresolved factual question, raised by the answer, as to whether the defendants’ use of their airport was in fact permitted. We recognize that the record pertinent to the appeal does not affirmatively disclose evidence that appellants’ use is permitted, but note that the burden on appellee in seeking summary judgment was to prove nonexistence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Due to the inferences which may be drawn from the record before us, we find that the state has not sufficiently met its burden and reverse. Because we so hold, we need not reach the issues raised in connection with the denial of defendants’ motion for rehearing.
REVERSED and REMANDED.
McCORD and BOOTH, JJ., concur.

. The date of the memorandum is July 7, 1967. In 1965, the property in question had been zoned agricultural.